**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
DISTRICT COURT E.D N Y

★  MAR 26 2012  ★

LONG ISLAND OFFICE

DOVI LOWENBEIN )
on behalf of himself )
and all similarly situated consumers )
    Plaintiff, )

CV-12 1479

    -against- )
)
) **SUMMONS ISSUED**
ASSOCIATED CREDITORS )
EXCHANGE, INC. )
)
)
)
)
    Defendant. )

**COGAN, J.**

**CLASS ACTION COMPLAINT**

***Introduction***

0.1    Plaintiff Dovi Lowenbein seeks redress for the illegal practices of Associated Creditors

Exchange, Inc. concerning the collection of debts, in violation of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone

Communications Privacy Act.

***Parties***

1.    Plaintiff is a citizen of the State of New York who resides within this District.

2.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that defendant sought to collect from plaintiff while possibly

labeled as a "business" account, was primarily used by the Plaintiff for personal, family

-1-

and/or household purposes, as thus is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

3. Defendant's principal place of business is located in Arizona.

4. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

5. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

6. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Dovi Lowenbein*

8. On information and belief, on a date better known by defendant, defendant attempted to collect alleged consumer debts from the plaintiff.

9. On 24 occasions within the past year, defendant made 24 calls to an unauthorized wireless number belonging to plaintiff.

10. On April 16, 2011, May 31, 2011, and June 7, 2011 and within the one year immediately preceding this action, the Defendant left the following pre-recorded messages on the Plaintiff's answering machine on numerous occasions which did not set forth that the communication was from a debt collector and which stated inter alia: "Hello, I have an important message for you, Please call (800)-280-3800 ext. 8315

-2-

and speak to the first account representative…Thank you"

11. On March 30, 2011, a representative of ACE left the following message: "This is David Kara I am with Associated Creditors Exchange. We represent US Bank. They have retained us to proceed against you in the State of New York,"

12. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

13. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

14. Defendant violated §1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

15. Defendant violated §1692e(5) of the FDCPA by threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action.

16. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

17. Defendant violated §1692e(3) of the FDCPA by The false representation or implication that defendant is an attorney and that any communication is from an attorney.

18. The messages left by the Defendant did not identify the Defendant as a debt collector as required by 15 USC 1692e(11). The least sophisticated consumer may have believed that this automated message was from an original creditor or another company.

19. The messages left by Defendant were deceptive in that the "least sophisticated consumer" would not recognize that the defendant was a debt collector and the messages

-3-

specifically failed to provide the

notice required by 15 USC 1692e(11).

20. The message left by Defendant was deceptive and harassing per se in that it secreted the identity of the Defendant in violation of 15 USC 1692d(6).

21. The messages left by the Defendant were harassing in that they failed to meaningfully identify the Defendant as required by 15 USC 1692d(6). The Plaintiff listened to the messages left by the Defendant.

22. On information and belief, it is the regular practice of the defendant to leave messages on consumers' answering machines that do not meaningfully identify themselves, and/or do not identify themselves as a debt collector.

23. The Defendant and/or its agents placed telephone phone calls and left messages on the voice mail of other New York consumers within one year preceding the filing of this complaint, said messages were materially identical to automated messages left for the Plaintiff.

24. The actions of the Defendant as described above violate 15 USC 1692e; 15 USC 1692e(10); 15 USC 1692e(11); 15 USC 1692d; 15 USC 1692d(5) and 15 USC 1692d(6).

25. Plaintiff brings the following class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and on behalf of all persons in the State of New York to whom defendant placed a telephone call and left a message for a consumer in which the Defendant failed to meaningfully identify themselves and/or failed to state that Defendant was a debt collector, as identified from Defendant's records, during the one year period immediately preceding the filing of this action.

-4-

26.    The said messages were left at a wireless number where the plaintiff was charged for each call.

27.    Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

28.    Defendant was prohibited from placing a call that will cause a charge to plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

29.    The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5).

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by plaintiff Dovi Lowenbein on behalf of himself and the members of a class, as against the defendant.***

30.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-29 as if set forth fully in this Cause of Action.

31.    This action is brought on behalf of plaintiff and the members of three classes.

32.    Class A consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a service where the consumer was charged for the call, and (c) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

33.    Class B consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of

-5-

the within complaint up to the date of the filing of the complaint; (a) the telephone message failed to state that it was a communication from a debt collector, and (c) that the telephone message was in violation 15 U.S.C. § 1692e(11) and 1692e(10).

34. Class C consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message failed to state the legal name of the defendant, and (c) that the telephone message was in violation 15 U.S.C. § 1692d(6).

35. Class B and Class C may overlap.

36. Class D consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) the defendant made a false representation or implication that defendant is an attorney and that any communication is from an attorney in violation of 15 U.S.C. §1692e(3) and 1692e(5) for engaging in false threats.

37. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

-6-

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

38.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

41. The actions of the defendant violate the Fair Debt Collection Practices Act.

42. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

      (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

      (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

      (c)    Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by plaintiff*

43. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

-8-

44.   The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating 24 telephone calls to the plaintiff's wireless telephone numbers using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

45.   Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiffs by defendant also without having included the proper name of the defendant or any name for that matter.

46.   There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff has not consented to the use of the wireless telephone numbers at issue.

47.   Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

48.   Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

49.   All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. *(Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874).

50. The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

51. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

52.     Defendant has repeatedly violated the TCPA by the calls made to plaintiff
        specifically the numerous calls by illegally by not stating its legal name in its
        prerecorded messages in violation of the Telephone Consumer Protection Act

### *Violations of the Telephone Communications Privacy Act*

53.     The defendant has repeatedly violated the TCPA by failing to leave the legal name of
        the defendant in the messages left for the plaintiffs as states as follows in 47 C.F.R.
        64.1200(b)(1) states:

        "(b) All artificial or prerecorded telephone messages shall:

        At the beginning of the message, state clearly the identity of the business, individual, or
        other entity that is responsible for initiating the call. If a business is responsible for initiating
        the call, the name under which the entity is registered to conduct business with State
        Corporation Commission (or comparable regulatory authority) must be stated. The FCC
        further provided that:

        With respect to the caller's name, the prerecorded message must contain, at a minimum, the
        legal name under which the business, individual or entity calling is registered to operate.
        The Commission recognizes that some businesses use "d/b/as" or aliases for marketing
        purposes. The rule does not prohibit the use of such additional information, provided the
        legal name of the business is also stated."

54.     The FCC did not intend to exempt automated collection calls from the requirements
        of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt

collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

55.    Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

56.    The actions of the defendant violate the TCPA.

57.    Because the defendant intentionally violated the TCPA, the plaintiffs are entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiffs.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in his their and against the defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 21, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

-12-

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-13-