**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

May 21, 2012

**VIA ECF**
The Honorable Brian M. Cogan
Untied States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    RE:   **Dovi Lowenbein v. Associated Creditors Exchange**
            **United States District Court, Eastern District of New York**
            **Docket Number – 1:12-cv-1479-BMC**

Dear Judge Cogan:

    As per Your Honor's Mandatory Requirements for Initial Status Conference, dated March 27, 2012, the parties submit this joint letter. The Initial Status Conference is scheduled for May 23, 2012 at 5:15 p.m.

    **BY PLAINTIFF:**

    It is Plaintiff Dovi Lowenbein's contention that Associated Creditors Exchange violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") in its attempts to collect a purported debt from the Plaintiff in this matter.

    It is clear from the recorded messages plaintiff has in his possession that Associated called the Plaintiff on numerous occasions and left unlawful messages for the Plaintiff.

    The first cause of action is filed pursuant to the Fair Debt Collection Practices Act as a putative class action suit. It contains a class for those members who received a call where the Defendant did not disclose that the communication is from a debt collector. The following is the first main allegation in the complaint at

> "On April 16, 2011, May 31, 2011, and June 7, 2011 and within the one year immediately preceding this action, the Defendant left the following pre-recorded messages on the Plaintiff's answering machine on numerous occasions which did not set forth that the communication was from a debt collector and which stated inter alia: "Hello, I have an important message for you, Please call (800)-280-

May 21, 2012
Page 2

_____

<u>3800</u> ext. 8315 and speak to the first account representative…Thank you"

The message is alleged to be pre-recorded and does not set forth that the communication is from a debt collector nor that the defendant's name is identified in the message.  This is a clear violation of Foti v. NCO decided by Judge Karas in the Southern District of New York.  Because the messages are pre-recorded, it is the best scenario for there to be a class certified as the pre-recorded nature of the message would facilitate meeting the requirements of the various prongs of Rule 23 of the Fed. R. Civ. P.  The only element where we would need an affirmative representation from the defendant is the number of potential class members.  Based upon prior appearances before Your Honor, Your Honor expects defendant's counsel to be prepared to consent to numerosity or not.

There are other allegations of misconduct while leaving messages for the Plaintiff.  On March 30, 2011 a collector on behalf of the Defendant left a message where we contend that the collector falsely threatened legal action and where the statement could be construed as coming from an attorney.  Plaintiff contends that the messages are collectively in violation of a plethora of statutory sections of the FDCPA carefully set forth in the complaint.

The calls were also placed to a telephone service where the plaintiff was charged for the call so that results in their being an additional class[1].

Second, in regards to Plaintiff's claims that Associated violated the TCPA, the TCPA certainly pertains to debt collectors who place calls without prior express consent[2] to any

---

[1] See  <u>ACA International Blueprint at a Glance for 2011</u> Acknowledging that the FDCPA prohibits collectors from imposing additional telephone charges on consumers without disclosing the purpose of the call. And that some cell phone plans cause a consumer to incur a charge for each call received by the consumer. See also <u>National Consumer Law Center Fair Debt Collection Volume 1 Page 314</u> clearly stating that calling a number that causes a charge to the debtor violates this section . See also <u>Matthew Bender 1-8 Debtor-Creditor Law § 8.03</u> Stating : Causing Expenses to a Person by Concealing the Collection Purpose of a Communication Is Prohibited This provision 15 U.S.C. § 1692f(5). protects a consumer from incurring charges for collection communications when he or she has no reason to know the communications' purpose. This provision prohibits a collector from placing a collect telephone call or telegram to a consumer without having notified the consumer to expect it and without having announced its collection purpose and the same would apply to calling a consumer's wireless phone number as the consumer is likely to be charged a toll on incoming calls. The consumer would have to be alerted to call beforehand for the call not to violate the Act.

[2] The <u>FCC  Declaratory Ruling 07-232 (Dec. 28, 2007)</u> holds that the creditor or the debt collector is required to come up with evidence of prior express consent if it wants to assert such a defense. There has not been one case that has not adopted the definition of prior express consent found in the declaratory ruling in fact the FCC's final orders are binding on all courts under the Hobbs Act,  28 U.S.C. § 2342. Specifically, in In re Rules Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 564 (2008), the FCC explained: Although the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls for emergency purposes or made with the prior express consent of the called party. Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. In the 1992 TCPA Order, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." The legislative history in the TCPA provides support for this interpretation. Specifically, the House report on what ultimately became section 227  states that: [t]he restriction on calls to emergency lines, pagers, and the like does not apply when the called party has provided the telephone number of such a line to the caller for use in normal business communications. **We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed. To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.** [Emphasis added].
1992 TCPA Order, 7 FCC Rcd at 8769, para. 31 (citing House Report, 102-317, 1st Sess., 102nd Cong. (1991) at 13, "noting that in such instances the called party has in essence requested the contact by providing the caller with their telephone number for use in normal business communications"). However, the Commission also

telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.[3]

---

cautioned that if a caller's number is "captured" by a Caller ID or an ANI device without notice to the residential telephone subscriber, then the caller cannot be considered to have given an invitation or permission to receive autodialer or prerecorded voice message calls. Id

[3] See. Robinson v. MIDLAND FUNDING, LLC., Dist. Court, SD California 2011 (Holding that a debt collector cannot use a prerecorded voice or a automatic telephone dialing system to call any telephone number assigned to a . cellular phone or any service for which the called party is charged for the call.) Sengenberger v. CREDIT CONTROL SERVICES, INC., Dist. Court, ND Illinois 2010 (Holding that under the TCPA 47 U.S.C. § 227(b)(1)(A)(iii). It is unlawful for a Debt Collector: (A) to make any call (other than a call made for emergency purposes or with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. Daniel v. WEST ASSET MANAGEMENT, INC., Dist. Court, ED Michigan 2011 (Holding that a claim clearly indicating a debt collection call was made to service that is a "paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call" may be actionable under 47 U.S.C. § 227(b)(1)(A)(iii). Jenkins v. ALLIED INTERSTATE, INC., Dist. Court, WD North Carolina 2009 (Holding that the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), makes it unlawful for a debt collector (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . .(iii) to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.) Moore v. FIRSTSOURCE ADVANTAGE, LLC., Dist. Court, WD New York 2011 (Holding that the TCPA 47 U.S.C. §§ 227(b)(1)(A)(iii) makes it unlawful for a Debt collector (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — ...(iii) to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call.) Ortega v. Collectors Training Inst. of Ill., Inc., 2011 U.S. Dist. LEXIS 6282 (S.D. Fla. Jan. 21, 2011) (Holding that it is unlawful for a debt collector to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call) Edeh v. Midland Credit Mgmt., 2010 U.S. Dist. LEXIS 103918 (D. Minn. June 4, 2010) (Holding that it is unlawful for a debt collector (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . .(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .47 U.S.C. § 227(b)(1)(A)(iii)) Versteeg v. BENNETT, DELONEY & NOYES, PC., 775 F. Supp. 2d 1316 - Dist. Court, D. Wyoming 2011 Holding that The TCPA places special prohibitions on debt collection calls to cellular telephones and similar communication devices. In particular, the statute prohibits "any person" from: [M]aking any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. §227(b)(1)(A)(iii) Jachimiec v. Regent Asset Mgmt. Solutions., 2011 U.S. Dist. LEXIS 56956 (S.D. Cal. May 26, 2011) (Holding that Debt collectors who make auto-dialed or prerecorded calls to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call are in violation of the TCPA) Rivas v. Receivables Performance Mgmt., LLC, 2009 U.S. Dist. LEXIS 129378 (S.D. Fla. Sept. 1, 2009) (Holding that it is unlawful for a debt collector . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.) Nicholas v. Nationwide Credit, Inc., 2010 U.S. Dist. LEXIS 10442 (S.D. Fla. Feb. 8, 2010) (Holding that it is unlawful for a debt collector to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). Hurrey-Mayer v. Wells Fargo Home Mortg., Inc., 2009 U.S. Dist. LEXIS 103039 (S.D. Cal. Nov. 4, 2009) (Holding that unless calls are "made with the prior express consent of the called party it is unlawful for a creditor or servicer .. to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any  automatic telephone dialing system or an artificial or prerecorded voice- - … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]47 U.S.C. § 227(b)(1)(A)(iii)) Reyes v. Saxon Mortg. Servs., 2009 U.S. Dist. LEXIS 125235 (S.D. Cal. Nov. 5, 2009) (Holding that unless calls are "made with the prior express consent of the called party it is unlawful for a creditor (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice- - … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.] 47 U.S.C. § 227(b)(1)(A)(iii). Wood v. GC Servs., LP, 2012 U.S. Dist. LEXIS 39719 (M.D. Fla. Jan. 26, 2012) (The court held that in order to establish a violation under the TCPA, and specifically 47 U.S.C. § 227(b)(1)(A)(iii), A Plaintiff must establish that the Debt collector "made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system  or an artificial or prerecorded voice . . .to any telephone number  assigned to a . . . cellular telephone service . . ., or any service for which the called party is charged for the call.") Grannan v. Alliant Law Group, P.C., 2012 U.S. Dist. LEXIS 8101 (N.D. Cal. Jan. 24, 2012) (The language used for the "class definition" in the order granting the motion for final approval of settlement was "All persons within the United States to whom any telephone calls were made by [the debt collector],.... to such person's cellular telephone, paging service, specialized mobile radio service, other radio common carrier service or any service for which the called party is charged for the call, through the use of any automatic telephone dialing system which has the capacity to store or produce numbers (whether or not such capacity was used), including, but not limited to, an automated dialing machine dialer, auto-dialer or predictive dialer, or by the use of an artificial or prerecorded voice, without the called party's express consent") Lee v. Credit Mgmt., LP, 2011 U.S. Dist. LEXIS 151454 (S.D. Tex. Dec. 27, 2011) (Holding the TCPA, provides that it shall be unlawful for a debt collector "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing  system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." 47 U.S.C.A. § 227(b)(1)(A)(iii). Sparlin v. Select Portfolio Servicing, 2012 U.S. Dist. LEXIS 20851 (D. Ariz. Feb. 17, 2012)  (Holding that since the proposed amended complaint also includes additional claims pursuant to the Telephone Consumer Protection Act ("TCPA"), Which makes it unlawful for a debt collector to

May 21, 2012
Page 4

---

We take the position that calls made to the plaintiff were made without prior express consent and clearly fall under the TCPA as the telephone number is a personal wireless number where the called party was charged for the call[4] from a service called my1voice.com which was purchased by evoice.com.

Evoice wireless numbers are assigned to a paging service where the called party is charged for the call although under the TCPA a debt collector can call a residential land line.[5]  It was reiterated again in the declaratory ruling Request of the ACA (note # 7 paragraph 9 and paragraph 14) that a debt collector is prohibited to call ANY ONE of the following five types of wireless numbers or services which are prohibited by the TCPA

---

make any call .... (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.] The court held that although the Amended Complaint does not include factual allegations that place the debt collectors conduct within the statute and provide notice as to the nature and basis of the claim since a more carefully drafted complaint can state a TCPA claim upon which relief can be granted the Court did not find the TCPA claim futile and granted leave to amend.) Moise v. Credit Control Servs., 2011 U.S. Dist. LEXIS 120250 (S.D. Fla. Oct. 18, 2011) (Holding that It shall be unlawful for a debt collector to make any call other than a call made with the prior express consent of the called party (the court noted that the burden of prior express consent is on the debt collector) using any automatic telephone dialing system or an artificial or prerecorded voice * * *  (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call) Moore v. Firstsource Advantage, LLC, 2011 U.S. Dist. LEXIS 104517 (W.D.N.Y. Sept. 15, 2011) (The court followed the FCC Declaratory Ruling 07-232 (Dec. 28, 2007) and found that the TCPA provides that It shall be unlawful for a debt collector to. . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice  . . .(iii) to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.)

[4] See. Kane v. Nat'l Action Fin. Servs., 2011 U.S. Dist. LEXIS 141480 ( E.D. Mich. Nov. 7, 2011) (Holding that a debt collector is prohibited to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any  service for which the called party is charged for the call 47 U.S.C. § 227(b)(3)**  (emphasis added by the court). a cursory review of the provision reveals that the phrase "or any service for which the called party is charged for the call" stands as a separate category unto itself, for which claims against a debt collector could arise under the TCPA) Gutierrez v. Barclays Group., 2011 U.S. Dist. LEXIS 12546 (S.D. Cal. Feb. 9, 2011) (Holding that a creditor is prohibited to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call 47 U.S.C. § 227(b)(3) The court noted that the last phrase of this section "or any service for which the called party is charged for the call" does not modify all the previous phrases as such a "interpretation violates the doctrines of last antecedent and interpreting disjunctives" rather "any service for which the called party is charged for the call" stands as a separate category unto itself, for which claims against a creditor could arise under the TCPA)

[5] See. Stuart v. AR RESOURCES, INC., Dist. Court, ED Pennsylvania 2011 (Holding that the exemption for a debt collector to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a Debt Collector  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ) Bates v. IC System, Inc., Dist. Court, WD New York 2009 (Holding that debt collection calls to a residential line are exempt from the TCPA. See 47 U.S.C. § 227b(1)(B). However, with regard to debt collection calls, to any telephone number assigned to service which the party is charged for the call that those calls are governed by 47 U.S.C. § 227(b)(1)(A)(iii) Making such Debt collection calls unlawful)  Anderson v. AFNI, Inc., 2011 U.S. Dist. LEXIS 51368 (E.D. Pa. May 11, 2011) (Holding that debt collection calls to a residential line are exempt from the TCPA. See 47 U.S.C. § 227b(1)(B). However, with regard to debt collection calls, to any telephone number assigned to service which the party is charged for the call that those calls are governed by 47 U.S.C. § 227b(1)(A)(iii) Making such Debt collection calls unlawful) Pugliese v. Prof'l Recovery Serv., 2010 U.S. Dist. LEXIS 64111 ( E.D. Mich. June 29, 2010) (Holding that the exemption for a debt collector to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a Debt Collector  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ) Zehala v. American Express., 2011 U.S. Dist. LEXIS 109697 (S.D. Ohio Sept. 26, 2011) (Holding that the exemption for a creditor to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a creditor  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ) Bentley v. Bank of America., N.A., 773 F. Supp. 2d 1367 (S.D. Fla. 2011) (Holding that the exemption for a creditor to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a creditor  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call )

---

1)telephone number assigned to a paging service 2) wireless telephone service 3)specialized mobile radio service 4)other radio common carrier service 5) service for which the called party is charged for the call. Evoice.com wireless numbers meet the criteria of not one but THREE out of the five prohibited wireless phone numbers and services prohibited by the TCPA.

There are numerous of such companies providing these wireless services to millions of customers like google voice, phone.com and grasshopper to name a few.

Aside from the fact that almost all of these companies charge for all incoming calls, the number is also assigned to a paging service which pages all phones at once until one is picked up (it is clear that the purpose of the TCPA to prohibit these types of calls to such services and numbers was to help avoid the tremendous invasion of privacy that can occur once such numbers are called).

Telecommunication has changed in the past ten years and now almost all of these services are free until you get an incoming call as most wireless companies work off the RPP Termination rates. Termination rates are the charges which one telecommunications operator charges to another for terminating calls on its network. Traditionally three models of charging these fees are known: calling party pays (CPP), bill and keep (BAK, peering), receiving party pays (RPP) almost all the company's that issue numbers which are assigned to wireless virtual paging services work through receiving party rates.

The numbers assigned are those which have prefixes assigned to cellular phone services.

In reviewing defendant's statement, defendant attempts to avoid responding fully to plaintiff's claims claiming that it requires more time to investigate. Defendant has attempted to conveniently pick apart at a few instances of dates of calls as set forth in plaintiff's complaint. However, in our position statement, we have made it clear that we contend that defendant left the same message for the plaintiff on numerous occasions. This Court has ruled that: "It should take defense counsel no more than 2 days to see if its client in fact left the telephone messages about which plaintiff complains . . ." Plaintiff contends that defendant is continuing with the fencing game. Now, even though defendant has provided a position statement for plaintiff to review and upon which to comment, the defendant does not fully set forth its position and claims that it needs more time. However, defendant states in its position statement that it was only retained several weeks ago. To me, several is more than a few and a few means three or four. Therefore, for at least 30 days defendant has failed to be able to address the issues completely.

As I have made it clear to defendant's counsel that I have had experience before Your Honor, I anticipate that coming into Court stating that the matter is still under investigation will result in the matter being rescheduled for another time. I have impressed upon defendant's counsel that Your Honor takes the initial conference very seriously to be

a meaningful experience as to how the Court is going to dispose of the matter.

    I believe that plaintiff has volunteered a sufficient amount of information for defendant to have made an informed investigation of the TCPA claim.  The defendant has not confirmed whether it left a pre-recorded message or not.  This is certainly information which could be determined from one conversation with defendant's client.  We believe that the messages containing the same text suggest that the messages were recorded from a live person as opposed to a computerized voice.  However, we would appreciate having confirmation from defendant's counsel. (This is significant for the FDCPA as well in terms of considering the amount of discovery in which the plaintiff will need to engage.)

    In terms of the TCPA, even if the calls were not pre-recorded, there could still be liability under the TCPA if the calls were placed from an auto dialer.  The defendant does not address the issue of an auto dialer.

    Plaintiff requests that defendant provide the account history to plaintiff's counsel as par of the initial disclosures so that we have more information to better evaluate the claims at this time.  Plaintiff will disclose the his wireless number later during discovery, once he has received a complete and unaltered copy of all calls that defendant made during the time period in question.  See footnote for case supporting this procedure.[6]

---

[6] **STERLING v. MERCANTILE ADJUSTMENT BUREAU, LLC**
**PAUL STERLING, Plaintiff,**
**v.**
**MERCANTILE ADJUSTMENT BUREAU, LLC, Defendant.**
**No. 11-CV-639A.**
**United States District Court, W.D. New York.**
**October 17, 2011.**

---

## DECISION AND ORDER

    RICHARD J. ARCARA, District Judge.

### I. INTRODUCTION

    Pending before the Court is a motion by defendant Mercantile Adjustment Bureau, LLC for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff Paul Sterling has accused defendant of violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the Telephone Consumer Protection Act of 1991 ("TCPA")[1] by calling him persistently about a debt that he never incurred. Defendant asserts that it has searched its records for plaintiff's name and does not find him there, and wants to conduct an additional search of its records using plaintiff's cellular telephone number. Plaintiff refuses to disclose his cellular telephone number until discovery for fear of spoliation—namely, a fear that defendant will alter its records once it has plaintiff's number to show that it never called him. Defendant insists that it cannot frame a meaningful response to the complaint without plaintiff's cellular telephone number.

    The Court has deemed the motion submitted on papers pursuant to FRCP 78(b). For the reasons below, the Court denies the motion.

### II. BACKGROUND

This case concerns allegations that defendant has called plaintiff numerous times to collect a debt owed by someone whom plaintiff does not know. According to plaintiff, defendant began calling his cellular telephone around March 2011 to collect a debt owed by someone named Angie Jay. Plaintiff neither owes any debt to anyone nor knows anyone by the name of Angie Jay. Plaintiff has explained this more than once to defendant, and yet defendant has used an automated dialing system to call plaintiff multiple times per week and often multiple times per day about this debt.

Frustrated with defendant's alleged refusal to stop calling him, plaintiff commenced this case by filing a complaint on July 28, 2011. The complaint contains two counts. In the first count, plaintiff accuses defendant of violating multiple sections of the FDCPA by calling him numerous times and harassing him as a result. In the second count, plaintiff accuses defendant of violating the TCPA by using an automated telephone dialing system to call his cellular telephone number without his consent. Plaintiff seeks actual and statutory damages, along with costs and fees. Relevant to the pending motion, plaintiff sets forth in his complaint that defendant has called his cellular telephone number numerous times but does not disclose what that number is.

Defendant filed the pending motion in response to the allegations in the complaint. According to defendant, it searched its records in response to the complaint and could find neither plaintiff's name nor Angie Jay's name anywhere. To make one last check of its records to see whether it ever dialed plaintiff's cellular telephone number, defendant wants to know what the number is to perform a records search by number. Defendant asserts that it cannot frame any meaningful response to the complaint without knowing from a final and definitive search of its records whether it ever dialed plaintiff's cellular telephone number. Accordingly, defendant seeks a more definite statement from plaintiff that includes that number. Plaintiff opposes the motion out of fear of spoliation. According to plaintiff, disclosing his cellular telephone number prior to discovery would give defendant an opportunity to alter its records to make those records look as if it never called him. For now, plaintiff has offered to help defendant search its records by providing his address, the last four digits of his Social Security number, and names of individuals that defendant mentioned when calling his cellular telephone. Plaintiff has promised to disclose his cellular telephone number later during discovery, once he has received a complete and unaltered copy of all calls that defendant made during the time period in question.

### III. DISCUSSION

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e). "Courts must keep in mind, however, that the FRCP abolished bills of particulars and that the phrase `cannot reasonably prepare a response' means more than `we prefer to have this information sooner than later.'" *Patrick Dev., Inc. v. VIP Restoration, Inc.,* No. 09-CV-670, 2010 WL 447390, at *2 (W.D.N.Y. Feb. 2, 2010) (Arcara, *J.*). "A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it. The rule is designed to strike at unintelligibility rather than want of detail and . . . allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Kok v. First Unum Life Ins. Co.,* 154 F.Supp.2d 777, 781-82 (S.D.N.Y. 2001) (ellipsis in original) (internal quotation marks and citations omitted).

Here, defendant's willingness to conduct more searches of its records does not render the complaint unintelligible so as to meet the standard under FRCP 12(e). The complaint alleges, in straightforward fashion, that defendant called plaintiff to collect a debt supposedly owed by someone named Angie Jay. After an initial investigation of that allegation, defendant apparently has concluded that neither plaintiff's name nor Angie Jay's name appear in its records. That information is enough to frame a denial of plaintiff's allegations that it can change later without penalty, if necessary. *Cf. Patrick Dev.,* 2010 WL 447390, at *2 ("Consequently, defendant has not shown how the complaint is unintelligible or what prejudice—*i.e.,* what loss of rights in later proceedings or at trial—it will suffer if it answers or otherwise challenges the complaint in its current form."); *INA Underwriters Ins. Co. v. Rubin,* 635 F.Supp. 1, 6 (E.D. Pa. 1983) (denying a motion for a more definite statement, where plaintiff alleged building defects in a housing development and defendants wanted

**BY DEFENDANT:**

Based upon its preliminary investigation of the allegations in the complaint, and without prejudice to any future position it may take in this litigation after further investigation and discovery, defendant denies that its conduct violated the FDCPA and TCPA.[7]

As an initial matter, the Court should be aware that defendant's counsel was only retained several weeks ago. Contrary to plaintiff's suggestion, this is pointed out not to avoid any obligation of this court – all of which are taken very seriously – but merely for informative purposes. In the time since we were retained, counsel has become aware that the employees that worked on plaintiff's account are no longer employed by defendant, who's main office is located in Arizona.

It appears that defendant was retained in or about March 2011 to collect a debt of approximately $6,400.

With respect to plaintiff's claim under the FDCPA, defendant denies that it violated the statute. Plaintiff identifies only 4 specific calls in the complaint, being made on March 30, April 16, May 31, and June 7, 2011. Defendant's records do not reflect having called plaintiff on March 30, 2011, as alleged, but rather that plaintiff called defendant on that date. Defendant has no record of calling plaintiff on April 16. Finally, defendant has a record of calling plaintiff on May 31 and June 7, but its records reflect that the account representative left a personal voicemail message and not pre-recorded message, as alleged. As a result, it appears that there is no factual basis for plaintiff's FDCPA claims.

Plaintiff's FDCPA claim appears based on the allegation that defendant did not disclose that the communication was from a debt collector. After defendant received this account, a demand letter was sent which indicated it was being sent from a debt collector trying to collect a debt. Further investigation is being done to determine what was said to

---

plaintiffs to "identify by name the homeowners, or by address the defective homes in question"). That information also distinguishes the principal case that defendant has cited,*Coren v. Mobile Entertainment, Inc.,* No. C 08-05264, 2009 WL 264744 (N.D. Cal. Feb. 4, 2009). *Coren* addressed a situation in which a search by telephone number was the only way to conduct any investigation of the plaintiff's allegations. Under these circumstances, the Court denies defendant's motion.

### IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for a more definite statement (Dkt. No. 7). Defendant shall answer the complaint within 20 days of entry of this Decision and Order.

SO ORDERED.

---

[7] On March 10, 2011, plaintiff counsel evidently filed the exact same action, relying upon nearly the identical allegations on behalf of Oruch Lowenbein, who is presumed to be related to plaintiff Dovi Lowenbein, 11 CV 1150.

8

the plaintiff during these calls.

      Plaintiff's allegation above that a call was placed on March 30 and that the call and was improper also appears to be false. As mentioned, defendant's records reflect that plaintiff placed this call to defendant. Additionally, this allegation contradicts the allegation in paragraph 11 of the complaint that the account representative identified himself as working for Associated Creditor's Exchange.

      Plaintiff further contends that calls were placed to a number that is a "personal wireless pager telephone line." While it is not clear what plaintiff is referring to, plaintiff also failed to identify which telephone number or numbers that it is alleging were called. Even after reading this, plaintiff refuses to provide this information. Plaintiff relies on Sterling v. Mercantile Adjustment Bureau, LLC, 2011 U.S. Dist. LEXIS 119429 (W.D.N.Y. Oct. 17, 2011) to support his refusal to provide this information. Plaintiff is missing the mark as Defendant requests the telephone numbers to properly gather further information per the court's May 17 directive. At this stage and without this information, defendant cannot determine if it called the same number that plaintiff claims is his "wireless pager telephone line." Moreover, even if it were determined that defendant had left a prerecorded voice messages on plaintiff's wireless pager (which does not appear to have happened), such a message does not constitute a violation of the TCPA when the debtor provided the creditor with that number as its contact number. 47 U.S.C. § 227(b)(1)(A)(iii); see also Moore v. Firstsource Advantage, LLC, 2011 U.S. Dist. LEXIS 104517, *29-30 (W.D.N.Y. Sept. 15, 2011). Once plaintiff has identified the number(s) at issue, defendant can further research if calls were made to that number and if defendant obtained the number from the debtor.

      Plaintiff's ad hominem attacks are both unnecessary and unfounded. After reviewing defendant's position – that it has no record of having left pre-recorded messages for plaintiff – he continues to attack that this statement by defendant is insufficient in compliance with the court's pre-conference rules. This is what defendant's records show. Plaintiff may not like this response but it certainly complies with the court's directive to determine if calls of the type alleged are made by defendant.

      We also respectfully submit that the rules apply both ways. Plaintiff's counsel is quick to point out a perceived deficiency (which, as explained above, is not one at all) but does not explain why he has not provided the telephone number(s) that he alleged was called.

The parties to this matter look forward to the May 23, 2012 Initial Status Conference.

Respectfully submitted,

/s/_____
Adam J. Fishbein
Attorney for Plaintiff


/s/<u>Ronald A. Giller</u>
Ronald A. Giller
Elior D. Shiloh
Gordon & Rees LLP
Attorney for Defendant